3:10-CV-1202-J-aaMMH-TEM

## IN THE COUNTY COURT IN AND FOR DUVAL COUNTY, FLORIDA

RICHARD OTTO

    Plaintiff,

vs.

DFS SERVICES LLC
t/a DISCOVER BANK
    Serve On:
    CT Corporation System
    1200 South Pine Island Road
    Plantation FL 33324 US

and

ZAKHEIM & ASSOCIATES, P.A.
    Serve On:
    Scott C. Zakheim
    1045 South University Drive
    Suite 202
    Plantation FL 33324 US

    Defendants.

_____/

Case No.:
Division:

16- 2010-SC-002994

B

NOV 24 2010
CLERK CIRCUIT COURT

### COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

    Richard Otto, by Mr. Otto's undersigned attorney hereby sues DFS Services LLC t/a Discover Bank ("Creditor"), and Zakheim & Associates, P.A. ("Debt Collector") and for Mr. Otto's Complaint states as follows:

    1.    This is an action for damages not in excess of $5,000.00 exclusive of costs, interests and attorney's fees.

    2.    Plaintiff is a natural person residing in Jacksonville Beach, Florida.

    3.    DFS Services, LLC is an entity qualified to conduct business in Florida where it trades and conducts business as Discover Bank.

    4.    Zakheim & Associates, P.A. is an entity qualified to conduct business in Florida.


EXHIBIT A

## COUNT I – UNLAWFUL COLLECTION PRACTICES BY CREDITOR

5. Mr. Otto had an alleged debt to Creditor arising out of personal, family or household purposes.

6. On September 20, 2010 Mr. Otto, through counsel, advised Creditor that Mr. Otto was represented by counsel with respect to all accounts owned or serviced by Creditor and requested that Creditor cease all direct contact with Mr. Otto. A true and correct copy of the fax confirmation of that communication is attached hereto as Exhibit A.[1]

7. The September 20, 2010 communication to Creditor placed Creditor on notice that (a) Mr. Otto was represented by counsel with regard to the alleged debts, and (b) Mr. Otto did not wish to be contacted directly again by Creditor.

8. Creditor, by and through Creditor's agent, Debt Collector, willfully communicated with Mr. Otto by means of a letter dated October 4, 2010. A true and correct copy of that letter is attached hereto as Exhibit B.

9. The activities of Creditor constitute illegal collection practices prohibited by the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 (18).

WHEREFORE, Plaintiff, Richard Otto, demands judgment against Defendant, DFS Services LLC, for actual and statutory damages, together with punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

---

[1] The fax sent to Creditor included a notice of representation which stated "PLEASE TAKE NOTICE that Wendell Finner is my attorney at law who represents me with respect to all my debts and all claims my creditors have against me. I authorize and instruct him to discuss any of my accounts with my creditors and their affiliates, agents, employees, designees or assigns. I authorize and instruct my creditors to disclose such information to Mr. Finner as he may request, and to direct all communications to him as my attorney." The notice was signed by Mr. Otto and contained his social security number to assist recipients in identifying affected accounts. Due to the inclusion of Mr. Otto's social security number, the Notice of Representation is not filed herewith.

## COUNT II – UNLAWFUL COLLECTION PRACTICES BY DEBT COLLECTOR

10. Mr. Otto incorporates by reference paragraphs 5 through 9 of this complaint.

11. By Contract with Creditor, Debt Collector receives notice of all accounts where the Consumer is represented by counsel, or has defenses to collection, at the time Creditor instructs Debt Collector to collect a debt.

12. Despite this contractually-required notice, Debt Collector does not specifically inquire of Creditor whether a consumer is represented by an attorney or provide for placement of that information in its data processing system before communicating with that consumer in attempt to collect a debt.

13. Rather, Creditor and Debt Collector, by express or implied agreement, attempt to keep Debt Collector from acting upon the knowledge that a consumer is represented in order to maximize illegal collections.

14. Debt Collector had actual knowledge that Mr. Otto was represented by counsel no later than October 3, 2010.

15. Debt Collector willfully communicated with Mr. Otto by sending Mr. Otto the October 4, 2010 letter.

16. The communications from Debt Collector to Mr. Otto constitute illegal collection practices under the FCCPA, Fla. Stat. § 559.72 (18) and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692c.

WHEREFORE, Plaintiff, Richard Otto, demands judgment against Defendant, Zakheim & Associates, P.A., for actual and statutory damages, together with punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

## COUNT V – INJUNCTIVE RELIEF

17. Mr. Otto incorporates by reference paragraphs 5 through 16 of this Complaint.

18. Mr. Otto will be irreparably damaged should Creditor and Debt Collector continue their illegal and harassing communications to Mr. Otto.

WHEREFORE, Plaintiff, Richard Otto, demands judgment against Defendants, DFS Services LLC and Zakheim & Associates, P.A. permanently enjoining them, their officers, directors, agents, attorneys and employees, and anyone acting in concert with them, from contacting Mr. Otto or any other person in connection with the alleged debt, and awarding Mr. Otto punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit.

Wendell Finner, Florida Bar No.: 0093882
Ryan Moore, Florida Bar No.: 0070038
First Coast Consumer Law
340 Third Avenue South, Suite A
Jacksonville Beach, Florida 32250-6767
(904) 242-7070
*Attorneys for Plaintiff*